IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BILLY WILLIAMS**                                                                              **PLAINTIFF**

**v.**                                                          **CAUSE NO. 1:11CV153-LG-RHW**

**HUNTINGTON INGALLS
INCORPORATED**                                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [29] filed by
Huntington Ingalls Incorporated.  The plaintiff, Billy Williams, has not filed a
response in opposition to the Motion.  Upon reviewing the Motion and the
applicable law, the Court finds that the Motion for Summary Judgment should be
granted.

### FACTS

Williams, an African-American male, was hired by the company now known
as Huntington Ingalls on September 17, 1998.  (Compl. 2, ECF No. 1-2).  Williams'
exact job title has not been provided to the Court, but he was a work leader who
supervised welders.  Huntington Ingalls employees are required to obtain a "hot
chit" prior to performing welding.  (Def.'s Mot., Ex. B at 1, ECF Nos. 29-2).  The
purpose of the hot chit is to "validate that the work area has been inspected by both
management and the employee performing the hot work to confirm that it has been
cleared of all combustible materials and is safe for welding and burning operations."
(*Id.*)  Any welding performed without a hot chit is unauthorized.  (*Id.*)

On July 8, 2010, a welder named Bonnette Beard caused a fire on a vessel while performing welding without a hot chit.  (Compl. at 2, ECF No. 1-2; Def.'s Mot., Ex. C, ECF No. 29-3).  When Huntington Ingalls investigated the fire, Beard claimed that Williams, the work leader, had instructed her to perform the unauthorized welding.  (Def.'s Mot., Ex. A at 44; ECF No. 29-1).  However, Williams denied telling Beard to perform the work.  (*Id.* at 44-45).  Huntington Ingalls' investigators found that Beard's account of the events was more credible, particularly since the unauthorized work Beard was performing was far more difficult than the work that she was authorized to perform that day.  (Def.'s Mot., Ex. B, E, and F, ECF Nos. 29-2, 29-5, and 29-6).  In addition, the investigators learned that Beard had been performing unauthorized welding over a two-day period.  (*Id.*)  The investigators believed this evidenced a failure to supervise Beard on the part of Williams.  (*Id.*)  As a result, Williams was terminated on August 3, 2010.  (Compl. at 2, ECF No. 1-2; Def.'s Mot., Ex. A at 55, ECF No. 29-1).  Beard was also terminated as a result of the incident.  (Def.'s Mem. at 3, ECF No. 30).

It is undisputed that the welding that caused the fire was unauthorized. Furthermore, Williams admits that he was the work leader.  (Def.'s Mot., Ex. A at 26-27, 29).  However, Williams maintains that he did not instruct Beard to perform the work, and he claims that Huntington Ingalls did not terminate Caucasian employees who caused fires on other occasions.  (Compl. at 2-3, ECF No. 1-2).

Williams filed this lawsuit against Huntington Ingalls, alleging that he was terminated in violation of Title VII and 42 U.S.C. § 1981 due to his race.  (*Id.* at 3).

Huntington Ingalls has filed the present Motion for Summary Judgment.  ECF No. 29).  Williams filed two requests for an extension of time to file a response in opposition to the Motion for Summary Judgment.  (ECF Nos. 31, 32).  Both of these requests were granted.  However, Williams never responded to the Motion for Summary Judgment.  Twenty-one days after Williams' deadline for responding had passed, his attorneys filed a Motion to Withdraw as Counsel due to a conflict of interest that had developed.  (ECF No. 33).  The Motion to Withdraw was granted on December 19, 2011, and Williams was given forty-five days to either obtain new counsel or inform the Court in writing of his intention to proceed *pro se*.  (ECF No. 35).  He was warned that failure to comply with the Court's Order could result in the dismissal of his lawsuit.

After Williams failed to comply with the Court's Order, Huntington Ingalls filed a Motion to Dismiss for failure to prosecute, or in the alternative, it urged the Court to rule on its Motion for Summary Judgment.  Because it appears that the statute of limitations has expired in this case and dismissal for failure to prosecute would essential be a dismissal with prejudice, the Court will consider Williams' claims on the merits and will rule on Huntington Ingalls' Motion for Summary Judgment, which is ripe for review.

## DISCUSSION

Absent direct evidence of discrimination, claims of race or gender discrimination are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  In order to set forth a prima facie case

of employment discrimination under Title VII, a plaintiff must demonstrate (1) that

he belongs to a protected class; (2) that he was qualified for the position; (3) that he

suffered an adverse employment decision; and (4) that he was replaced by someone

outside the protected class, or in the case of disparate treatment, that similarly

situated persons outside his protected class were treated more favorably under

circumstances that were "nearly identical" to his.   *Okoye v. Univ. of Tex. Houston*

*Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001).  If the plaintiff presents a prima

facie case, the burden shifts to the defendant to provide a "legitimate,

nondiscriminatory justification for its actions."  *Manning v. Chevron Chem. Co.*, 332

F.3d 874, 881 (5th Cir. 2003).  If the defendant offers such a justification, the

burden again shifts to the plaintiff to show either (1) that the defendant's alleged

justification was a pretext for discrimination, or (2) that the defendant's reason,

while true, is only one of the reasons for its conduct, and another motivating factor

is the plaintiff's protected characteristic.  *Manning*, 332 F.3d at 881; *Rachid v. Jack*

*in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  Section 1981 claims are analyzed

under the same burden-shifting framework utilized for analyzing Title VII claims.

*Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

It is undisputed that Williams belongs to a protected class, that he was

qualified for the position, and that he suffered an adverse employment decision.

However, Williams has not demonstrated the fourth element of a prima facie case of

employment discrimination.  First, he does not allege that he was replaced by a

person outside his protected class.  Furthermore, he relies solely on vague hearsay to support his allegation that other employees who caused fires were not terminated.  Specifically, his wife, who continues to work for Huntington Ingalls, testified about rumors she heard that other employees who caused fires were not terminated.  (Def.'s Mot., Ex. G at 22, ECF No. 29-7).  Neither Williams nor his wife were able to give specific details about the other alleged fires that would enable the Court to determine the circumstances were "nearly identical."  (Def.'s Mot., Ex. A at 49-54, ECF No. 29-1; Ex. B at 26, ECF No. 29-7).  Furthermore, Williams admits that he is not aware of any other fire that was caused by unauthorized welding. (Def.'s Mot., Ex. A at 54).

Huntington Ingalls has provided an affidavit from Harry Hinkel, Huntington Ingalls' Manager of Fire Prevention/Investigation.  (Def.'s Mot., Ex. B, ECF No. 29-2).  Hinkel testified that he is not aware of any other fires that were caused by unauthorized welding.  (*Id.* at 1).  Therefore, there is no evidence that other employees were treated more favorably than Williams under circumstances that were nearly identical.  Finally, it should be noted that part of the reason that Williams was terminated was his failure to properly supervise Beard, and he has not submitted any evidence that other employees were treated more favorably after their failure to supervise an employee caused significant damage.  Therefore, Williams has not set forth a prima facie case of discrimination.

## CONCLUSION

The Court finds that Huntington Ingalls is entitled to summary judgment,

because Williams has not demonstrated a prima facie case of discrimination.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for

Summary Judgment [29] filed by Huntington Ingalls Incorporated is **GRANTED**.

This lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to

Dismiss [36] filed by Huntington Ingalls is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE